807 So.2d 810 (2002)
L.O., the Mother, Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 4D01-3359.
District Court of Appeal of Florida, Fourth District.
February 27, 2002.
*811 Maria Rozenson of Pickett, Marshall & Glassman, P.A., West Palm Beach, for appellant.
Charles D. Peters, West Palm Beach, for appellee.
POLEN, C.J.
The mother, L.O., timely appeals the circuit court's order terminating her parental rights to her child, A.O. We reverse and remand for further proceedings, where L.O. was not accorded her due process rights as guaranteed by Chapter 39, Florida Statutes.
L.O. was arrested on or about September 21, 1997, on charges of misdemeanor drug possession and felony child neglect. A shelter order was subsequently entered, removing the three-year old child, A.O., from L.O.'s custody, and placing her in the temporary shelter custody of the maternal grandmother. A.O. was subsequently adjudicated dependent by court order December 19, 1997, nunc pro tunc October 27, 1997, and temporary legal custody was continued with the maternal grandmother. L.O.'s case plan was accepted by the court at that time, with the goal of reunification.
On April 24, 1998, L.O. appeared at a plea hearing on the aforementioned criminal charges. She was represented by counsel, and entered a guilty plea to neglect of a child and violation of probation. Pertinent to this appeal, as part of her plea, L.O. agreed and consented to the termination of her parental rights to the child victim, A.O. No further action was taken at that time regarding L.O.'s consent to terminate her parental rights. L.O. was subsequently incarcerated until November of 1999.
On December 6, 1999, the Department of Children and Families (DCF), apparently unaware of L.O.'s consent to the termination of parental right as part of her criminal plea in April of 1998, requested that L.O.'s case plan be extended to November 11, 2000, nunc pro tunc October 27, 1999. Just before this case plan was to expire in October of 2000, the DCF modified the case plan goal to the termination of L.O.'s parental rights, alleging L.O. had not complied with her case plan. However, the DCF did not file a petition seeking to terminate L.O.'s parental rights. All this while A.O. had remained in the temporary legal custody of the maternal grandmother, until she was removed by DCF on February 21, 2001, and placed with her father and paternal grandmother, under the continuing supervision of the Department.
On May 29, 2001, L.O. filed a motion seeking to vacate that portion of her plea which had terminated her parental rights as accepted by the court in April of 1998. The circuit court, criminal division, entered an order transferring jurisdiction regarding the motion to the juvenile division to determine whether vacating that portion of L.O.'s plea was in the child's best interests.
The juvenile division held a hearing on L.O.'s motion on July 23, 2001. The court orally denied L.O.'s motion, finding she *812 had voluntarily, knowingly, and intelligently consented to the termination of her parental rights as part of her criminal plea. At the hearing, counsel for the DCF acknowledged that a Termination of Parental Rights (TPR) petition had not yet been filed, but asserted that a "standard" TPR petition with the plea paperwork attached would be filed. The DCF duly filed a TPR petition later that same day. August 1, 2001, the circuit court, juvenile division, entered its order terminating L.O.'s parental rights nunc pro tunc July 23, 2001. We reverse the circuit court's order because L.O. was not afforded due process.
Chapter 39, Part IX, Florida Statutes, lays the statutory framework governing the termination of parental rights. See G.L.S. v. Dep't of Children and Families, 724 So.2d 1181 (Fla.1998). All procedures, including petitions, pleadings, subpoenas, summonses, and hearings, in termination of parental rights proceedings shall be according to the Florida Rules of Juvenile Procedure unless otherwise provided by law. § 39.801(1), Fla. Stat. (1999)(emphasis added); see Fla. R. Juv. P. Part II, E. All proceedings seeking an adjudication to terminate parental rights pursuant to Chapter 39 must be initiated by the filing of an original petition (TPR petition) by the department, the guardian ad litem, a licensed child-placing agency, or any other person who has knowledge of the facts alleged and believes them to be true. § 39.802(1), Fla. Stat. (1999); Fla. R. Juv. P. 8.500. An advisory hearing on the petition to terminate parental rights must be held as soon as possible after all parties have been served with a copy of the petition and notice of the advisory hearing, at which the court shall inform the parties of their rights. § 39.808(1),(2), Fla. Stat. (1999); Fla. R. Juv. P. 8.510. Thereafter, the court is to hold an adjudicatory hearing at which the court is to determine "whether or not the facts support the allegations stated in the petition" for terminating parental rights. §§ 39.01(4), 39.809, Fla. Stat. (Supp.1998); Fla. R. Juv. P. 8.525. At the adjudicatory hearing, the court must consider the elements required for termination, each of which must be established by clear and convincing evidence before the petition may be granted. § 39.809(1). Furthermore, the adjudicatory hearing must be conducted by the judge, without a jury, in a closed proceeding. § 39.809(2),(3). All parties have a right to be present at any termination hearing, and a party may call any person as a witness at an adjudicatory hearing, with the right to examine or cross-examine all witnesses. Fla. R. Juv. P. 8.525(c),(d). The presiding judge must then enter a written order ("initial order") with findings of fact and conclusions of law. § 39.809(5), Fla. Stat. (Supp.1998). Further, the statutes provide that once the court finds that sufficient evidence supports termination it should enter another order of disposition ("final order"), terminating parental rights and ordering custody to an appropriate party.[1] § 39.811, Fla. Stat. (1999).
L.O. concedes for purposes of this appeal that she executed a "voluntary" surrender to the termination of her parental rights as part of her plea in 1998. Chapter 39 does provide certain "short-cuts" for termination proceedings where such termination is sought based on a voluntary surrender of parental rights. For example, an advisory hearing is not required if a petition is filed seeking an adjudication for termination of parental rights based on a *813 voluntary surrender of those rights. § 39.808(4), Fla. Stat. (1999). However, that same section expressly provides, "Adjudicatory hearings for petitions for voluntary termination must be held within 21 days after the filing of the petition. Notice of the use of this subsection must be filed with the court at the same time as the filing of the petition to terminate parental rights." (emphasis added) A parent's consent to termination of his or her parental rights may only be withdrawn after acceptance by the department upon a finding by the court (at the adjudicatory hearing) that the consent was obtained by fraud or duress. § 39.806(1)(a)(2).
We hold where the circuit court failed to hold an adjudicatory hearing, at which L.O. could challenge her prior consent, the order terminating L.O.'s parental rights was premature and constituted error in contravention of the strict procedures established by Chapter 39. We note we do not understand this appeal as an attempt by L.O. to vacate the pertinent portion of her criminal plea. The circuit court criminal division's refusal to vacate the portion of L.O.'s plea was not error, where L.O.'s motion, filed over three years after the entry of her plea, was clearly untimely for rule 3.850 purposes. Fla. R.Crim. P. 3.850(a)(5),(b). Nevertheless, L.O. was still entitled to an adjudicatory hearing before her parental rights could be terminated.
We hold the July 23 motion hearing was not an adjudicatory hearing, where L.O. was never given an opportunity to deny any of the allegations of the petition (which had not yet been filed), through the introduction of testimony or the examination of witnesses. Fla. R. Juv. P. 8.525(c),(d). Therefore, we reverse and remand with directions for the circuit court to conduct a proper adjudicatory hearing as Chapter 39 dictates. We note if the court finds the allegations alleged in the petition have been established by clear and convincing evidence on remand (e.g., L.O.'s voluntary consent was not obtained by fraud or duress), it must still consider whether the termination of L.O.'s parental rights is in the manifest best interests of the child. §§ 39.810, 39.811(5), Fla. Stat. (2001).
REVERSED and REMANDED for further proceedings consistent with this opinion.
STONE and STEVENSON, JJ., concur.
NOTES
[1] We note either order, i.e., the "initial order" or the "final order," is an appealable order. G.L.S., 724 So.2d at 1184.