826 So.2d 521 (2002)
Patricia RATHBURN, Guardian Ad Litem, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D02-148.
District Court of Appeal of Florida, Fourth District.
September 25, 2002.
*522 Lorraine A. Smith, Fort Pierce, for appellant.
No Appearance Filed for Appellee.
MAY, J.
The guardian ad litem appeals a trial court order that denied the termination of the father's parental rights. No other party has participated in this appeal. For the reasons set forth below, we affirm.
The child's father pled no contest to one count of sexual battery after having been arrested for molesting his two stepchildren. He was sentenced to a year of county jail, followed by two years of community control and eight years probation. He was also prohibited from contact with minor children, subject to the dependency case.
The Department of Children and Families filed a verified petition for dependency alleging that the mother knew of the father's criminal history, but allowed him to remain in the family residence thereby placing his own daughter at risk. The mother entered into a settlement agreement with the Department. Pursuant to the agreement, her daughter was placed in shelter care and the mother was given unsupervised visitation.
Subsequently, the Department filed an emergency motion to modify visitation. The mother had resumed her marital relationship with the child's father upon his release from custody. The trial court modified the visitation. The Department then filed a petition for termination of the parental rights of both parents.
*523 The parties negotiated a settlement. Both parents agreed to sign voluntary surrenders of their parental rights. The father's surrender would be filed immediately. The mother's surrender would be held in escrow by the Department to ensure that the mother would not permit the father to have contact with the child. The agreement further provided for expeditious reunification of the mother and child.
Both parents signed the surrenders, and the father's surrender was filed with the court. At the initial hearing to approve the settlement agreement, the Department presented the plan to the court, but no testimony was taken. The court expressed its concern over whether termination was in the best interests of the child. The trial court specifically directed the Department "to present evidence as to how it's in the best interest of this child for the father's rights to be terminatedand why can't things be accomplished by just having the father out there, but yet have no contact." The matter was rescheduled.
At the second hearing, the father testified that he entered into the surrender freely, voluntarily, knowingly, and with the advice of counsel. He believed that the arrangement was in the best interests of his daughter.
The guardian ad litem testified that this arrangement was in the best interests of the child. Her primary concern was the child's safety. While the guardian expressed concern that if the father's parental rights were not terminated, the Department would pursue termination as to both parents, she admitted that she "would like to see him have to support his child for the next six years" until she reached the age of majority.
The trial court found that the father had surrendered his parental rights freely, voluntarily, knowingly, and with the advice of counsel, and accepted his surrender. However, the court found that termination of his rights would not be in the child's best interests.
[O]ur task on review is not to conduct a de novo proceeding, reweigh the testimony and evidence given at the trial court, or substitute our judgment for that of the trier of fact. Instead, we will uphold the trial court's finding "[i]f, upon the pleadings and evidence before the trial court, there is any theory or principle of law which would support the trial court's judgment in favor terminating... parental rights."
In re Adoption of Baby E.A.W., 658 So.2d 961, 967 (Fla.1995), cert. den. sub nom G.W.B. v. J.S.W., 516 U.S. 1051, 116 S.Ct. 719, 133 L.Ed.2d 672 (1996) (emphasis added).
There is a two step process inherent in the statutory scheme for termination of parental rights, pursuant to chapter 39. First, the trial court must find by clear and convincing evidence that one of the grounds set forth in section 39.806, Florida Statutes (2001) has been established. Second, the trial court shall consider the manifest best interests of the child by evaluation of all relevant factors, including those set out in section 39.810, Florida Statutes (2001).
In this case, the trial court accepted the father's surrender as the grounds for termination of his parental rights. However, in considering the manifest best interests of the child, the trial court concluded that termination of the father's parental rights was not in the child's best interests. In doing so, the court expressed its concern that terminating the father's rights would cut off any responsibility for financial support and would leave the child without a father.
Despite the court's prior directive to the Department to present evidence on how *524 termination of the father's parental rights was in the child's best interests, the Department failed to do so. The factual background of the case was discussed, but no evidence was introduced. In fact, when the court announced its ruling, the Department asked the court not to accept the surrender. Absent any proof by the Department that the termination was in the manifest best interests of the child, we cannot say that the trial court's conclusion was "unreasonable as a matter of law." In the Interest of D.J.S. and J.S.G, 563 So.2d 655, 662 (Fla. 1st DCA 1990).
The trial court's order is affirmed.
GUNTHER and FARMER, JJ., concur.