838 So.2d 1221 (2003)
G.S., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 3D02-1624.
District Court of Appeal of Florida, Third District.
March 5, 2003.
Marc Anthony Douthit; and Russell Shepherd, Miami, for appellant.
Calianne P. Lantz, for appellee.
Before JORGENSON, GERSTEN, and RAMIREZ, JJ.
PER CURIAM.
G.S. appeals from a final judgment in which her parental rights were terminated. We reverse because the trial court committed reversible error by terminating G.S.'s parental rights without appointing a guardian ad litem to represent the interests of D.V., a minor child.
On April 5, 2001, the Department filed a detention petition alleging that D.V.'s parents had exposed him to a risk of harm by using drugs in his presence. The Department thereafter placed D.V. in a shelter and the trial court subsequently ordered D.V. placed with his maternal uncle. The Dependency Petition of May 1, 2001 alleges D.V.'s parents had severe substance abuse problems which interfered with their ability to parent and thus placed D.V. at risk of harm.
At the adjudication of dependency hearing, the trial court entered an Adjudicatory Order of Dependency and placed D.V. in the temporary custody of his uncle, finding that D.V. was dependent by a preponderance of the evidence. The trial court accepted the Department's case plan on May 30, 2001.
On July 25, 2001, the Department filed a petition for termination of parental rights against D.V.'s parents. The petition outlines the parents' history of neglect, abandonment and abuse, past and current severe drug addiction, as well as the parents' failure to comply with the case plan and court orders. The petition states that D.V. has resided with his uncle since April 2001, D.V.'s uncle has provided a stable, safe and loving home for him, and D.V.'s uncle would like to adopt him. The petition also states that D.V. "has or will have a Guardian Ad Litem appointed" and that the "Guardian Ad Litem recommends that the parents' parental rights be terminated." It is undisputed, however, that no guardian ad litem was ever appointed.
*1222 Section 39.808(2), Florida Statutes (2000), requires the trial court to appoint a guardian ad litem to represent a child's best interests in any termination of parental rights proceeding, if one has not already been appointed. Rule 8.510(a)(2)(C), Florida Rules of Juvenile Procedure (2000), also requires the court to appoint a guardian ad litem if one has not already been appointed.
In this case, the trial court did not inquire whether a guardian had been appointed to represent D.V.'s interests, did not attempt to appoint a guardian ad litem, and did not determine whether D.V.'s interests were adequately represented throughout the pendency of the proceedings. This constitutes a clear violation of the statutory mandates on the appointment of a guardian in the termination of parental rights proceedings. Although the Department's petition alludes to the appointment of a guardian ad litem who recommended that parental rights be terminated, there was in fact no such appointment. While the appointment of a guardian ad litem may not have resulted in a different outcome, that is a conclusion we are unwilling to reach.
We are therefore compelled to reverse and remand for the trial court to appoint a guardian ad litem to represent D.V.'s interests.
Reversed.