854 So.2d 777 (2003)
C.M., the Mother, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 4D03-1166.
District Court of Appeal of Florida, Fourth District.
September 3, 2003.
*778 Richard E. Gitlen, Stuart, for appellant.
Crystal Y. Yates Hammond, Fort Pierce, for appellee.
WARNER, J.
A mother appeals the termination of her parental rights. We affirm on all issues, but write to address her contention that this case must be reversed because the trial court failed to appoint a guardian ad litem for the children. We hold that while the court erred in failing to appoint a guardian ad litem, the error was not fundamental as it is raised by the mother who did not object during the proceedings to the court's failure to appoint the guardian.
The mother's rights to her four minor children were terminated on various grounds, including her failure to protect them from harm. Her eldest child, a nine-year-old female, had been sexually abused on several occasions by her stepfather. The mother not only failed to protect her from the harm, but appeared to minimize the harm caused to her child. She also failed to protect her remaining children from physical harm inflicted by the stepfather. The mother failed to ensure that her school-age children attended school regularly, and she did not provide them with a clean and healthy living place. The home was in "deplorable" condition. In sum, there was more than enough evidence to support the trial court's determination that grounds for termination of the mother's parental rights were present.
The mother claims that the case must nevertheless be reversed because no guardian ad litem was appointed to represent the children's interest. Section 39.808(2), Florida Statutes (2002), requires the court to appoint a guardian ad litem to represent a child's best interest in any termination proceeding. To the same effect is Rule 8.510(a)(2)(C), Florida Rules of Juvenile Procedure. In this case, the trial court did not appoint a guardian ad litem. While the parents did not request the appointment of a guardian, in each judicial review report submitted by the Department *779 of Children & Family Services, the box next to the phrase "A GAL needs to be appointed" is checked. There is no indication in the appellate record why this did not occur. As the statute is mandatory, we must determine whether the court's failure to appoint a guardian, absent an objection, is fundamental error thereby compelling reversal of the termination order.
The guardian ad litem serves as the child's representative in court to represent the child's best interest. See § 39.807(2)(a), Fla. Stat. (2002). In doing so, the guardian is required to investigate the allegations of the petition and file a written report, unless excused by the court. See § 39.807(2)(b)1. In the report, the guardian must state the wishes of the child as well as the guardian's recommendations. See id. Thus, the guardian acts in the best interest of the child and provides the court with another view of the evidence. Because courts cannot investigate cases themselves, they are limited to what evidence comes before them. A guardian can be the court's independent source of evidence in proceedings involving the child, particularly where there are contested factual matters involved.
While the Legislature has determined that guardians should be appointed for each child, sometimes that is not possible, given the limited amount of paid guardians available and the short supply of voluntary guardians. In several cases, district courts have determined that it was not fundamental error for a trial court to fail to appoint a guardian where there were no available guardians. See, e.g., In re E.F., 639 So.2d 639, 643-45 (Fla. 2d DCA 1994) (holding that failure to appoint guardian ad litem did not rise to level of fundamental error where trial court made good faith attempt to locate and appoint guardian ad litem, but none was available); Fisher v. Dep't of Health & Rehab. Servs., 674 So.2d 207, 208 (Fla. 5th DCA 1996) (same). However, where there was no evidence that a trial court made any attempt to appoint a guardian, the third district held that this clear violation of the statutory mandate constituted reversible error. See G.S. v. Dep't of Children & Family Servs., 838 So.2d 1221, 1222 (Fla. 3d DCA 2003). In this case, the record does not reveal that any effort was made to secure a guardian.
A right to have a guardian ad litem is a statutory right, not a constitutional right. It is a right of the child, not of the parent. As natural guardian of the child, a parent may assert the right of the child to have a guardian appointed. However, where there is a question as to whether the parent might be acting in the child's best interest, a parent may neither waive nor agree to exercise a particular right on the child's behalf. See Attorney ad Litem for D.K. v. Parents of D.K., 780 So.2d 301, 306 (Fla. 4th DCA 2001). In the case of an appeal of a parental termination, the parents' wishes and desires may be directly contrary to the best interest of the child.
Because stability for children is so important to both their physical and mental well-being, the Legislature requires that no child remain in foster care longer than one year so that permanent placement may be achieved as soon as possible. See § 39.001(1)(h), Fla. Stat. (2002). At all stages of the proceedings, courts are compelled to expedite proceedings to prevent children from languishing in the foster care system. This includes appeals. See Fla. R.App. P. 9.146(g). Achieving permanent stability in the child's life is the paramount concern of the judicial process.
A termination of parental rights proceeding involves a two-step process. See Rathburn v. Dep't of Children & Families, 826 So.2d 521, 523 (Fla. 4th DCA *780 2002). First, the court must find by clear and convincing evidence that one of the grounds set forth in section 39.806, Florida Statutes (2002), has been proven. See id. Second, the court must determine what outcome is in the manifest best interest of the children. See id.
The mother did not object to the court's failure to appoint a guardian at either stage of the proceeding, apparently not considering it a deprivation of the children's rights at that time. After a hearing at which her egregious failure as a parent was determined, the mother now complains that the entire process must be repeated, prolonging the achievement of stability for the children, because of the court's failure to appoint the guardian. We do not deem the error in this case to be fundamental and capable of being raised by the mother for the first time on appeal.
The Department itself is charged with responding to child abuse reports in a manner that ensures the health and safety of the child. See § 39.001(1)(e), Fla. Stat. (2002). The children's best interests are being considered by the Department as well as the court. The evidence supports the court's conclusion in this case that termination was in the manifest best interest of the children. The absence of a guardian under the facts of this case did not irreparably taint the proceedings. Although the trial court erred in failing to appoint a guardian, the error was not preserved and is not a ground for reversing the order terminating the mother's parental rights.
Affirmed.
MAY, J., and ARAMONY, SUSAN, Associate Judge, concur.