886 So.2d 1046 (2004)
J.J., The Father, M.P., The Mother, and M.H., Guardian Ad Litem, Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
Nos. 4D04-762, 4D04-822, 4D04-906.
District Court of Appeal of Florida, Fourth District.
November 17, 2004.
*1047 Judith B. Migdal-Mack of Migdal & Migdal, P.A., Boynton Beach, for appellant J.J., The Father.
Gary L. Pickett, West Palm Beach, for appellant M.P., The Mother.
Timothy M. Beasley, West Palm Beach, for appellant M.H., Guardian Ad Litem.
Jeffrey Dana Gillen, West Palm Beach, for appellee.
GROSS, J.
After a three and a half day trial on a petition for termination of parental rights of the mother, M.P., and the father, J.J., the trial court entered an order which did not terminate their parental rights, readjudicate the children dependent, nor dismiss the petition.
Instead, the trial court authorized the Department of Children and Families (Department) to "re-notice" the matter for further proceedings. We reverse the order and remand for the court to fashion an *1048 order that complies with section 39.811(1), Florida Statutes (2003).
In its order, the court determined that the Department had proved by clear and convincing evidence that the parents "have not and are unable to substantially comply with the case plans," and that "there are no other or further services that the state can provide the parents to successfully reunite them safely with their children."
However, the trial court indicated that the Department "has not proven by clear and convincing evidence (and in some instances by any evidence at all): 1) that termination of the parental rights is the least restrictive resolution; 2) most of the statutory elements that must be considered by the court in resolving manifest best interest of the children; and 3) any of the allegations of [spousal] domestic violence and child abuse."
The trial court denied the parents' motion to dismiss the petition or have the children again declared dependent with a new case plan put into effect. However, the trial court deemed the parents' motion to be "appropriate" based on "the state's failure to prove its case."
The trial court ordered the state to re-notice the matter for trial and "there at present such evidence as it has that addresses each and every allegation in the [petition] together with such evidence it has as to each and every factor specifically enumerated in the Manifest Best Interest Statute, FS 39.810, together with such evidence as it may have relating to the issue of least restrictive disposition."
Finally, the court determined that, "to the extent that FS 39.811 may be read to limit the court's options when the state fails to prove its case thereby precluding the court from ordering the state to proceed as indicated above, the court hereby declares that portion of FS 39.811 unconstitutional as an improper limit on the powers of the court to fashion a proper remedy for the children."
The mother, father, and guardian ad litem (GAL) have all appealed the final order.
The parents first contend that the trial court erred in determining that the Department had proven a ground for termination by clear and convincing evidence, claiming they substantially completed their case plan tasks.
"There is a two step process inherent in the statutory scheme for termination of parental rights, pursuant to chapter 39. First, the trial court must find by clear and convincing evidence that one of the grounds set forth in section 39.806, Florida Statutes has been established. Second, the trial court shall consider the manifest best interests of the child by evaluation of all relevant factors, including those set out in section 39.810, Florida Statutes." Rathburn v. Dep't of Children & Families, 826 So.2d 521, 523 (Fla. 4th DCA 2002); accord C.M. v. Dep't of Children & Family Servs., 854 So.2d 777, 779-80 (Fla. 4th DCA 2003).
The record reflects that the Department proved by clear and convincing evidence that there was a valid statutory ground for terminating parental rights, pursuant to section 39.806(1)(e), as the parents failed to substantially comply with their case plans for a period longer than twelve months.
The father contends that the Department "through their own witnesses" proved that the father substantially complied with both his case plan and settlement agreement. The mother likewise, without any explanation, contends that she "completed all tasks of her case."
However, although the parents completed many of their tasks, such completion *1049 does not equate to substantial compliance. Section 39.01(68) states that, "`[s]ubstantial compliance' means that the circumstances which caused the creation of the case plan have been significantly remedied to the extent that the well-being and safety of the child will not be endangered upon the child's remaining with or being returned to the child's parent." See also § 39.522(2).
While the trial court's conclusion that the parents did not substantially comply with their case plans is supported by substantial competent evidence, the Department failed to offer such evidence that termination of parental rights was in the manifest best interests of the children.[1][2] We agree with the parents that the trial court abused its discretion in affording the Department a second opportunity to present evidence not submitted during the three and a half day trial.
Case law has established that "[f]inding that termination is in the manifest best interest of the child is an essential predicate for the termination of parental rights." J.T. v. Dep't of Children & Family Servs., 819 So.2d 270, 273 (Fla. 2d DCA 2002); see also V.W. v. Dep't of Children & Family Servs., 863 So.2d 480, 482-83 (Fla. 2d DCA 2004); Dep't of Children & Families v. F.L., 880 So.2d 602, 607 n. 5 (Fla.2004) ("To terminate parental rights, DCF must also prove by clear and convincing evidence that termination is in the manifest best interest of the child."). Additionally, the trial court must determine that termination "`is the least restrictive means of protecting the child from serious harm.'" F.L., 880 So.2d at 608 (quoting Padgett v. Dep't of Health & Rehab. Servs., 577 So.2d 565, 571 (Fla.1991)); accord C.B. v. Dep't of Children & Families, 874 So.2d 1246, 1250 (Fla. 4th DCA 2004); V.W., 863 So.2d at 483.[3]
With the Department failing to prove a necessary aspect of its termination case, the critical question remains as to the remedy.
Section 39.811(1) states that, "if the court finds that the grounds for termination of parental rights have not been established by clear and convincing evidence," the court has the following options:
(a) If the grounds for dependency have been established, adjudicate or readjudicate the child dependent and:
1. Enter an order placing or continuing the child in out-of-home care under a case plan; or
2. Enter an order returning the child to the parent or parents....
(b) If grounds for dependency have not been established, dismiss the petition.
Likewise, Florida Rule of Juvenile Procedure 8.525(i)(3) indicates that, "[i]f the court finds after all of the evidence has been presented that the allegations in the petition do not establish the grounds for dependency or termination of parental *1050 rights, it shall enter an order dismissing the petition." Alternatively, Rule 8.525(i)(2) provides that if the evidence presented does not show a ground for termination of parental rights by clear and convincing evidence, the trial court may adjudicate or readjudicate the children dependent, if the grounds for dependency have been established by a preponderance of the evidence.
No statute or rule permitted the trial court to give the Department a "do-over" after a three and a half-day trial. This is not a case where the Department sought a continuance of the final hearing to secure additional evidence.
Neither the Department nor the GAL support the trial court's ruling that section 39.811 is unconstitutional because it acts as an "improper limit on the powers of the court to fashion a proper remedy for the children." We are not sure what constitutional provision and what constitutional analysis the trial court applied in declaring the statute unconstitutional. There is no constitutional infirmity in a statute that provides the Department with the full and fair opportunity to prove its case, and then requires a trial court to either terminate, declare the child dependent, return the child to the parents with the opportunity to retain jurisdiction or end the Department's jurisdiction over the parent-child relationship.
We reverse and remand to the trial court to fashion an order that complies with section 39.811.
STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] The Department concedes that it "failed to present much evidence to the court to enable it to consider the facts relevant to a determination of the manifest best interests of the children pursuant to F.S. 39.810 [and] it is clear that the Court was not then in a position to terminate the parents' rights...."
[2] We reject the guardian ad litem's invitation for us to terminate parental rights in spite of the Department's failures of proof, which it concedes in its brief.
[3] Judge Sawaya has suggested that the less restrictiveness requirement is "obsolete, unnecessary, and meaningless" because of the consideration under section 39.810. See T.P. v. Dep't of Children & Families, 860 So.2d 1084, 1094 (Fla. 5th DCA 2003) (Sawaya, C.J., specially concurring), reversed on other grounds by F.L., 880 So.2d at 614-15. We do not reach that question in this case.