972 So.2d 1116 (2008)
A.A., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, State of Florida, Appellee.
No. 4D07-1389.
District Court of Appeal of Florida, Fourth District.
February 6, 2008.
Rehearing Denied February 20, 2008.
*1117 Gary L. Pickett, West Palm Beach, for appellant.
Jeffrey Dana Gillen, West Palm Beach, for appellee.
FARMER, J.
After a petition for adjudication of dependency was filed, the mother and DCF entered into a stipulation in which the mother surrendered her parental rights to her child. Execution of the surrender was witnessed by two people. On the same day at a hearing, at which the mother was represented by counsel, the following inquiry by the court occurred:

Court: [Your attorney] has advised me that it is your desire of your own free will and free choice here to surrender your parental rights to this child. I ask you now. Is this what you wish to do?

Mother: Yes.

Court: Are you absolutely sure?

Mother: Yes.

Court: Do you understand the serious consequences of your decision?

Mother: Yes.

Court: That if I accept the surrenders, you will forever, permanently, and all times unquestionably lose all, any, every single parental right or rights you might have to this child?

Mother: Yes.
. . . .

Court: Do you feel that you have been rushed or pushed into this decision in any way, shape, or form?

Mother: No.

*1118 Court: Has anyone threatened you, coerced you, forced you, made any promises to you that induced you to sign the surrenders?

Mother: No.

Court: [D]id you in fact sign [this] surrender here in open court in my presence?

Mother: Yes.
Whereupon the trial court accepted the mother's surrender of her parental rights to the child in question. The mother's written surrender waived any notice of all future hearings and proceedings regarding the child.
Three weeks later at a "best interests" hearing, after the mother had acquired new counsel, mother orally asked to withdraw her surrender and requested a continuance to file a formal motion. The court denied a continuance and suggested that mother could proceed to file her motion. Meanwhile DCF personnel testified that it would be in the best interests of the child for the mother's parental rights to be terminated. A few weeks later, the mother filed a formal motion to vacate her surrender. Three months after that, the court held a hearing on her motion and denied it. She now appeals.
Section 39.806(1)(a) expressly authorizes voluntary parental surrender of rights, providing for two witnesses of the document and oath before a notary public. Moreover, rule 8.500(g)(1) provides that parents may consent to termination of parental rights at any time "on the record." In this instance, the document was executed in open court before a judge. Moreover, the judge specifically inquired as to voluntariness and mother's understanding and intent. The record establishes the mother's voluntary surrender of parental rights.
On appeal the mother argues that our decision in L.O. v. Department of Children and Family Services, 807 So.2d 810 (Fla. 4th DCA 2002), required the court to conduct another inquiry at the adjudicatory hearing on the merits of termination that mother's surrender was unforced, voluntary and enforceable. We disagree. In L.O., the surrender had been given as part of a plea agreement on criminal charges of neglect and before any determination of dependency. Also nothing in the record indicated that the mother in that case ever actually signed an instrument of surrender with the formalities involved in this case. When DCF later modified the case plan in the dependency case to termination some two years later, she filed a motion to vacate the part of her plea agreeing to termination. The trial court denied her motion, and DCF thereupon filed a petition to terminate. We reversed upon a holding that under the circumstances the hearing on the motion had been premature and that the court should have allowed the mother to contest her surrender at the final adjudicatory hearing to show that part of her plea consenting to termination was obtained by fraud or duress.
As we have indicated, the question of voluntariness of the surrender in this case was addressed sufficiently in open court when the surrender was executed by the mother. The inquiry by the trial court into the mother's contemporaneous execution of the instrument of surrender was done with the scrupulous detail and punctilio that courts follow in accepting court pleas of guilty in criminal cases. This occurred only a few months before the final adjudicatory hearing on the petition to terminate. We see no reason why it would then be necessary to hold still another hearing to make essentially the same inquiry. We see no reason why judges should make the procedures for voluntary surrenders of parental rights more extended than they already are. No purpose is served by affecting properly obtained surrenders with the kind of uncertainty that *1119 appellant's argument would entail for all cases.
Affirmed.
WARNER and GROSS, JJ., concur.