976 So.2d 623 (2008)
M.B.T., Mother of S.T., S.W., and S.T., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D07-703.
District Court of Appeal of Florida, Fifth District.
February 25, 2008.
Ryan Thomas Truskoski, of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Anthony C. Musto, Hallandale Beach, for Appellee.

OPINION ON MOTION FOR CLARIFICATION
PALMER, C.J.
Following the issuance of this court's decision, appellant, M.B.T., filed a motion for clarification. Having carefully considered the arguments raised in said motion, we grant the motion, withdraw the per curiam affirmed disposition dated January 24, 2008, and substitute the following opinion.
M.B.T. appeals the final order entered by the trial court terminating her parental rights to her three children. We conclude from our review of the record that the Department of Children and Families (DCF) sustained the burden of proof necessary for the termination of M.B.T.'s parental rights.
The evidence presented during the termination hearing was sufficient to prove that, during the two-year time period that the mother's children were in shelter care, the mother failed to make good faith efforts to comply with the terms of her case plan, failed to regularly visit or contact her children, failed to contact her case worker, and was incarcerated on four separate occasions based on four separate offenses.
As the Fourth District explained in C.M. v. Department of Children and Family Services, 854 So.2d 777, 779 (Fla. 4th DCA 2003):
Because stability for children is so important to both their physical and mental well-being, the Legislature requires *624 that no child remain in foster care longer than one year so that permanent placement may be achieved as soon as possible. See § 39.001(1)(h), Fla. Stat. (2002). At all stages of the proceedings, courts are compelled to expedite proceedings to prevent children from languishing in the foster care system. This includes appeals. See Fla. R.App. P. 9.146(g). Achieving permanent stability in the child's life is the paramount concern of the judicial process.
The mother argues that the termination order should be reversed because DCF failed to prove that termination of her parental rights was in the manifest best interests of the children. We disagree.
Section 39.810 of the Florida Statutes (2005), sets forth the various considerations involved when determining what the manifest best interests of children are in dependency matters. In its final order, the trial court properly demonstrated its application of the provisions of the statute to the facts presented, noting that termination of the mother's parental rights was in the manifest best interests of the children because placement with a relative was not available and the mother is devoid of any ability or disposition to provide the children with food, clothing, medical care or to meet their physical, mental and emotional needs. The court further found that it was unlikely that the children would remain in foster care for a long time because they were all young in age. Additionally, the record demonstrates that the Guardian Ad Litem recommended that it was in the children's best interests for the court to terminate the mother's parental rights. See In re K.W., 891 So.2d 1068 (Fla. 2d DCA 2004) (holding that evidence supported finding that termination of mother's parental rights was in the manifest best interests of the child where mother was provided with a case plan and ample time, but failed to comply with her case plan).
AFFIRMED.
PLEUS and MONACO, JJ., concur.