996 So.2d 929 (2008)
R.E., the Father, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D08-1675.
District Court of Appeal of Florida, Fourth District.
December 10, 2008.
*930 Kenneth M. Kaplan, Miami, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey P. Bassett, Assistant Attorney General, Fort Lauderdale, for appellee.
WARNER, J.
In a brief without a single citation to the record,[1] the father maintains that the court erred in various procedural matters in entering a final judgment of termination of his parental rights. We conclude that his arguments are all without merit and affirm.
Briefly, the child S.E. was born cocaine exposed, and the mother absconded with him from the hospital. Although a pick-up order for the child was issued, and a shelter order eventually entered, the mother hid the child for six years, and he was ultimately discovered at his maternal aunt's home. Both parents were given case plans but utterly failed to comply with any of their terms, and the Department of Children and Families (DCF) filed a petition for termination of parental rights (TPR).
When the parents failed to appear at the properly noticed advisory hearing, the court entered defaults against them. The court denied the parents' ore tenus motion to vacate the consents, as well as a written motion requesting the same, finding that proper service of process was effectuated on the parents.
A year later, the judge who had entered the consents withdrew, and the case was assigned to another judge. The parents renewed their motion to withdraw their consent by default entered by the first judge. The successor judge denied the motion, upholding the previous judge's ruling. The court then held a manifest best interests hearing. In a pro se pleading filed after the hearing, the father moved to recuse the successor judge. The judge denied the motion as legally insufficient. It then entered its final judgment terminating parental rights.
Both parents appealed to this court. In attempting to create the record, a problem occurred in the transcription of part of the testimony at the best interests hearing. This court relinquished jurisdiction to the trial court to reconstruct the record. Because the parties could not agree on a reconstructed record, they instead stipulated to a new manifest best interests hearing at which the court could consider prior recorded testimony as well as retake the missing testimony. The parties could also submit additional testimony. Based upon that agreement, the parties dismissed the appeal.
After the new hearing on the manifest best interests, the trial court again entered its order terminating the father's parental rights. Addressing each of the factors listed in section 39.810, Florida Statutes (2008), the court found that there was no suitable permanent custody arrangement with a relative of S.E. The court found that parents did not have the ability or *931 disposition to provide S.E. with food, clothing, medical care, or other remedial care, nor had they done so for most of his life. They had a history of domestic violence, drug abuse, and incarceration. At the time of the first manifest best interests hearing, the father was in prison. Although he was later released, he had not provided any support for S.E. While the maternal grandmother desired to have permanent custody, the court found that it was not in the child's best interests to be placed with the maternal grandmother. Her testimony was not credible as to her knowledge of S.E.'s whereabouts during the six years after the child's birth, and the grandmother had exercised only supervised visitation with S.E.
Although the father made much of the fact that S.E.'s caregiver is a ChildNet employee, the court found the argument lacking. DCF filed the TPR petition long before the worker expressed an interest in caring for S.E. DCF transferred the case to another office once the worker sought to care for him. The court in no way believed that DCF proceeded to termination because an employee expressed interest in adopting S.E. The court concluded that it was in S.E.'s manifest best interests to terminate the parental rights and that termination was the least restrictive means of protecting S.E. from harm. The father appeals this order.
The father argues that DCF erred in failing to consider the maternal grandmother as a placement for the child because there was no evidence that she played a role in concealing the child's whereabouts from DCF. He claims that she was at a majority of the hearings and that S.E. was bonded with her. Of course, he does not cite to a single place in the record supporting this statement.[2] Our standard for review is very narrow. "[W]e will uphold the trial court's finding `[i]f, upon the pleadings and evidence before the trial court, there is any theory or principle of law which would support the trial court's judgment in favor of terminating... parental rights.'" In re Adoption of Baby E.A.W., 658 So.2d 961, 967 (Fla. 1995) (citation omitted). The trial court found the grandmother's testimony less than credible, and we, of course, defer to the trial court when evaluating the credibility of witnesses. C.B. v. Dep't of Children & Families, 874 So.2d 1246, 1254 (Fla. 4th DCA 2004). There is competent substantial evidence in the record to support the trial court's finding that placement with the maternal grandmother was not an appropriate placement.
The father also complains that the successor judge could not hold the manifest best interests hearing without also rehearing the termination proceeding. He contends that the successor judge must hear both the termination proceeding and the manifest best interests hearing. We have recognized that there is a two-step process inherent in the statutory scheme for termination of parental rights: (1) the trial court must find by clear and convincing evidence that one of the statutory grounds for termination has been established, and (2) the trial court must consider the manifest best interests of the child. J.J. v. Dep't of Children & Families, 886 So.2d 1046, 1048 (Fla. 4th DCA 2004). While generally a successor judge cannot enter a judgment based on evidence he or she did not hear, see Beattie v. Beattie, 536 So.2d 1078 (Fla. 4th DCA 1988), in this case the parents defaulted, and the court *932 entered a termination based upon the default, not on evidence presented regarding the grounds for termination. Failure to personally appear at an advisory hearing for which the parent received statutory notice constitutes consent for termination. § 39.801(3)(d), Fla. Stat.; Fla. R. Juv. P. 8.525(d).
The father does not attack the trial court's ruling on the default as an abuse of discretion or show that his failure to appear at the advisory hearing was anything other than a willful failure to appear after statutory notice. We find no abuse of discretion in the court's entry of the default and denial of the motion to vacate. We also reject his claim that the trial court did not have jurisdiction to proceed on only the manifest best interests portion of the case when the court vacated the final judgment as a result of this court's relinquishment to reconstruct the record.[3] He agreed to the trial court vacating the final judgment of termination for an additional manifest best interests hearing. When the court vacated the TPR order, the consent to termination based upon the father's failure to appear at the hearing still remained in effect. The purpose of vacating the judgment was to take additional testimony. It did not undo all of the prior proceedings. In sum, the father has provided no reason for us to reverse the final judgment of termination.
Finally, the father contends that the successor judge erred in failing to recuse herself based upon his motion to recuse filed after the manifest best interests hearing. However, we agree with the trial judge that the motion was legally insufficient and did not state facts requiring recusal.
We affirm in all respects the final judgment.
MAY and DAMOORGIAN, JJ., concur.
NOTES
[1] We would have stricken appellant's brief and required compliance with rule 9.210(b)(3), but we treat parental termination cases on an expedited basis. Since DCF provided its own statement of facts with citations, and the record which we reviewed is complete, we elect not to strike this brief. We caution counsel that his complete failure to comply with the Rules of Appellate Procedure in his initial brief will not be accepted in future cases.
[2] We found testimony in an earlier hearing from a child care advocate that there was a bond at one time between the grandmother and the child, but that child care worker also testified that she did not think the grandmother was a suitable placement for the child.
[3] The father contends that the holding of a new hearing after the parties could not agree on the reconstruction of the record in the prior appeal was beyond the relinquishment order of this court. Whether or not the holding of a new trial was beyond the order of relinquishment is of no concern, because the parties dismissed that appeal.