16 So.3d 334 (2009)
H.D., the Mother, Appellant,
v.
J.L.D., the Father, Appellee.
No. 4D09-1016.
District Court of Appeal of Florida, Fourth District.
September 16, 2009.
William G. Shofstall, of The Law Office of William G. Shofstall, West Palm Beach, for appellant.
No appearance required for appellee.
GERBER, J.
H.D., the natural mother of her eleven-year-old child, appeals the circuit court's denial of her petition to terminate the parental rights of J.L.D., the child's adoptive father. The mother argues the circuit court erred in denying the petition without a hearing. We agree and reverse.
*335 In the petition, the mother alleged the adoptive father voluntarily executed an affidavit of surrender of his parental rights. The mother also alleged it would be in the child's best interests to terminate the adoptive father's parental rights for several reasons: from the time the mother and the adoptive father separated, the adoptive father had no contact with, and did not provide support for, the child; neither the adoptive father nor the child desired to have any relationship with one another; the mother provided the child with a stable and permanent home; and the mother had the financial means to continue to provide for the child without the adoptive father's assistance.
Ten days after filing the petition, the mother filed a motion to schedule an advisory hearing pursuant to section 39.808, Florida Statutes (2008). That section provides, "An advisory hearing on the petition to terminate parental rights must be held as soon as possible after all parties have been served with a copy of the petition and a notice of the date, time, and place of the advisory hearing for the petition." § 39.808(1), Fla. Stat. (2008) (emphasis added).
Thirteen days later, the circuit court, without conducting a hearing, entered an order denying the petition. In the order, the circuit court reasoned, "Terminating [the adoptive father's] parental rights would not serve `the manifest best interests' of the minor child because such termination would, in effect, terminate the minor child's right to support." The mother has appealed, arguing that the circuit court, by denying the petition without a hearing, violated her right to procedural due process. We agree.
"An appellate court may reverse the trial court's order denying a petition to terminate parental rights when the denial is not supported by competent substantial evidence and is not in the best interests of the children." R.A. v. P.A., 935 So.2d 120, 120 (Fla. 4th DCA 2006) (citation omitted). Here, the circuit court's denial of the mother's petition without a hearing was not supported by competent substantial evidence because the court received no evidence. We have recognized that chapter 39 provides "certain `short-cuts' for termination proceedings where such termination is sought based on a voluntary surrender of parental rights." L.O. v. Dep't of Children and Family Servs., 807 So.2d 810, 812 (Fla. 4th DCA 2002). "For example, an advisory hearing is not required if a petition is filed seeking an adjudication for termination of parental rights based on a voluntary surrender of those rights." Id. at 812-13 (citing § 39.808(4), Fla. Stat. (1999)). In that situation, however, "[adjudicatory hearings for petitions for voluntary termination must be held within 21 days after the filing of the petition.'" § 39.808(4), Fla. Stat. (1999) (emphasis added).
We also have recognized that a circuit court considering the child's best interests under section 39.810, Florida Statutes (2008), may deny a petition for termination of parental rights where termination "would cut off any responsibility for financial support and would leave the child without a father." Rathburn v. Dep't of Children and Family Servs., 826 So.2d 521, 523 (Fla. 4th DCA 2002). However, by denying the petition without a hearing, the circuit court denied the mother's due process right to present evidence to convince the court it would be in the child's best interests to terminate the adoptive father's parental rights. See L.O., 807 So.2d at 813 (mother was not afforded due process in termination of parental rights proceeding where circuit court failed to hold adjudicatory hearing in contravention *336 of strict procedures established by chapter 39).
Because 21 days has passed from the filing of the petition, we remand for the circuit court to hold an adjudicatory hearing on the petition within 21 days after the issuance of our mandate.
Reversed and remanded.
DAMOORGIAN and LEVINE, JJ., concur.