# Third District Court of Appeal

## State of Florida

Opinion filed October 15, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1382
Lower Tribunal No. 11-15743
_____

**A.F., the Mother,**
Appellant,

vs.

**The Department of Children and Families,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rosa C. Figarola, Judge.

Richard F. Joyce, for appellant.

Karla Perkins, for appellee.

Before ROTHENBERG, LAGOA, and SCALES, JJ.

ROTHENBERG, J.

A.F. ("the Mother") appeals the trial court's order terminating her parental rights with regard to her child, N.F. ("the Child"), arguing that the trial court committed reversible error by not appointing a guardian ad litem to represent the best interests of the Child. Because (1) the trial court appointed an attorney ad litem and directed the attorney ad litem to protect the best interests of the Child (2) the Mother did not object to the trial court's appointment of an attorney ad litem instead of a guardian ad litem and (3) the attorney ad litem actively participated in the termination proceedings and clearly protected the Child's best interests, we do not find that the trial court committed fundamental error. Accordingly, we affirm.

The Mother gave birth to the Child on February 3, 2011, when she was only sixteen years old and herself in foster care under the supervision of the Florida Department of Children and Families ("the DCF"). After the Mother disappeared from foster care with the Child on multiple occasions, the DCF opened a dependency case against the Mother. The Mother entered into a consent plea adjudicating the Child dependent, and the Child was placed with the Child's paternal grandmother. The DCF subsequently created a case plan with the ultimate goal of reuniting the Mother and the Child. This case plan provided for scheduled visitation between the Mother and the Child and also provided certain requirements the Mother must satisfy to maintain her parental rights. One of these

2

requirements was that the Mother could not again take the Child from DCF custody without permission.

The Mother failed to comply with several provisions in the case plan, and at one point, she left with the Child without bringing the Child's necessary medication. The Mother also stopped attending her scheduled visitation appointments for several months. In response, the DCF amended the case plan to recommend the Child be placed for adoption. The DCF then filed a petition to terminate the Mother's parental rights based on the Mother's abuse, neglect, and abandonment of the Child pursuant to sections 39.806(1)(b) and 39.806(1)(e)(1) of the Florida Statutes (2012).

During the termination of parental rights proceedings, the trial court appointed Melissa Arrojas to serve as an attorney ad litem for the Child, specifically instructing Arrojas that she was to protect the best interests of the Child. After several continuances to allow psychological evaluations and home studies, the termination of parental rights proceeded to trial starting on September 25, 2013, and concluding in February 2014. The Child had just turned three years old at the end of the proceedings and had been placed with a foster family for over a year.

During the trial, the DCF introduced several witnesses who recommended that the Mother's parental rights be terminated, including the case manager, who

was intimately familiar with the details of the case. The Mother did not dispute that she violated the case plan on multiple occasions and eventually stopped visiting the Child at the scheduled times. The attorney ad litem actively participated during the trial proceedings. She conducted the direct examination of the case manager in which she elicited a recommendation that the Mother's rights be terminated, cross examined the Mother regarding the details of the Mother's multiple violations of her case management plan, called the Child's foster mother as a witness to testify how the foster mother had bonded with the Child, and finally, at the conclusion of the trial, Arrojas made a closing argument where she ultimately recommended that the trial court grant the DCF's petition to terminate the Mother's parental rights. In short, Arrojas argued vehemently on the Child's behalf and represented the Child's best interests. At no point in the proceedings below did the Mother request a guardian ad litem be appointed or object to the trial court's directive to Arrojas that she represent the best interests of the Child.

The trial court ultimately entered a final judgment terminating the Mother's parental rights to the Child on May 16, 2014. The final order specifically found that Arrojas had represented the Child's best interests and also found that it was in the Child's manifest best interests that the Mother's parental rights be terminated.

The Mother's sole argument on appeal is that the trial court committed reversible error by failing to appoint a guardian ad litem rather than an attorney ad

4

litem to represent the Child's best interests. In support of her position, the Mother directs this Court to section 39.808(2) of the Florida Statutes (2012) and Florida Rule of Juvenile Procedure 8.510(a)(2)(D), both of which require the trial court to appoint a guardian ad litem for the Child. The statutes are clear on this point, and the trial court clearly erred by not appointing a guardian ad litem. See G.S. v. Dep't of Children & Family Servs., 838 So. 2d 1221, 1222 (Fla. 3d DCA 2003) (per curiam).

However, because the right to have a guardian ad litem appointed is a statutory right existing in the Child—not the Mother—and because the Mother did not object to the trial court's failure to appoint a guardian ad litem at any point in the nearly three years of proceedings below, the trial court's failure to appoint a guardian ad litem mandates reversal only if it was fundamental error. C.M. v. Dep't of Children & Family Servs., 854 So. 2d 777, 779-80 (Fla. 4th DCA 2003).

On these facts, we cannot find the trial court's error to be fundamental. The rules requiring the trial court to appoint a guardian ad litem for the child are in place to ensure that **someone is representing the child's best interests free of conflict and to ensure that the facts of the case have been fully considered**. Here, Arrojas was appointed as the Child's attorney ad litem early in the proceedings; when she was appointed the trial court directed that she represent the best interests of the Child; and the record establishes that she dutifully represented

5

the Child's best interests throughout the case. Although Arrojas' appointment was titled as an attorney ad litem, it does not negate the fact that she fulfilled nearly all the functions required of a guardian ad litem.

The undisputed evidence amply supports the trial court's finding that the Mother neglected and abused the Child, and both Arrojas and the Mother's case manager unequivocally recommended that the Mother's parental rights be terminated based on the Child's best interests. Thus, the trial court's decision to terminate the Mother's parental rights was supported by the record, and the Child's best interests were fully represented. We therefore conclude that the trial court's failure to appoint a guardian ad litem in this case was not fundamental error.

Affirmed.