DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**B.A.,** the mother,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and **GUARDIAN AD LITEM,**
Appellees.

No. 4D20-1335

[January 27, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Gregory M. Keyser, Judge; L.T. Case No. 50-2018-DP-000029-XXXX-MB.

Antony P. Ryan, Director, and Paul O'Neil, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Andrew Feigenbaum of Children's Legal Services, West Palm Beach, for appellee Department of Children and Families.

Thomasina F. Moore, Statewide Director of Appeals, and Samantha Costas Valley, Senior Attorney, Appellate Division, Florida Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian ad Litem.

ON APPELLEES' MOTIONS FOR REHEARING, REHEARING
EN BANC, CLARIFICATION, AND CERTIFICATION OF
QUESTIONS OF GREAT PUBLIC IMPORTANCE

FORST, J.

After this court's opinion issued on October 14, 2020, Appellees Department of Children and Families and Guardian ad Litem timely filed separate motions for rehearing, rehearing en banc, clarification, and certification of questions of great public importance. Appellees present arguments that should have been, but were not, presented in their answer briefs. Nonetheless, upon consideration of Appellees' arguments and Appellant's responses, we grant the motions for rehearing and

clarification, and we deny the motions for rehearing en banc and certification. We thus withdraw the October 14, 2020 opinion and substitute this opinion in its place.

**SUBSTITUTED OPINION**

B.A. ("the Mother") appeals from the trial court's order terminating her parental rights as to her three-year-old daughter ("the Child"). She raises three issues on appeal. On the first two issues, we summarily affirm because the Mother was not deprived of due process and the trial court's abandonment finding was not based on stale information. We write only to address the Mother's final argument that the recent amendment to section 39.811(5), Florida Statutes (2019), requires remand for a new hearing to determine whether circumstances have changed, necessitating a supplemental adjudicatory hearing and TPR order. Because this argument has not been preserved for appeal, and because the record unequivocally supports the trial court's decision to terminate the Mother's parental rights and clearly establishes that the Mother was not prejudiced by the delay in issuing the order, we affirm.

**Background**

The Child was born on August 31, 2016. When the Child was approximately five months old, the Mother began to regularly bring the Child to L.D.—a caregiver who ran a childcare service. The Mother routinely left the Child with L.D. for extensive periods of time beyond those provided for in the childcare agreement. This persisted until November 2017, when a man brought the Child to L.D.'s childcare center and asked if L.D. could take care of the Child. The man indicated that the Child had been left with him and that he was unable to provide adequate care. L.D. took the Child into her home and attempted to contact the Mother several times over the following months. However, her attempts were unsuccessful, and the Mother never reached out to L.D. As a result, L.D. contacted the Department of Children and Families ("the Department"), and the Department initiated dependency proceedings. It also conducted a diligent search for the Mother but was unable to locate her or serve her with a case plan. The Mother's absence continued for more than a year, such that L.D. who had cared for the Child since November 2017, expressed a willingness to adopt her.

The Mother was not located until she was arrested on March 6, 2019. On March 27, 2019, the Mother appeared before the trial court for the first time with respect to the Child's dependency case and was appointed counsel. In December 2019, at the conclusion of the bench trial on the

2

Department's petition for the termination of the Mother's parental rights, the trial court issued an oral ruling granting the petition. However, the trial court did not issue a written order of disposition until May 27, 2020. That order and the delay in issuing it are the subject of the Mother's appeal.

## Analysis

Competent substantial evidence supports the trial court's decision to terminate the Mother's parental rights based on her failure to comply with her case plan and abandonment of the Child. Our focus in this opinion is the trial court's failure to issue the written order of termination until five months after the TPR hearing.

During the 2019 legislative session, the Florida legislature added paragraph (5) to section 39.811, Florida Statutes. This new paragraph states:

> If the court terminates parental rights, the court *shall* enter a *written order* of disposition *within 30 days after conclusion of the hearing* briefly stating the facts upon which its decision to terminate the parental rights is made.

§ 39.811(5), Fla. Stat. (2019) (emphasis added).

This statutory provision became effective on October 1, 2019—prior to the completion of the termination of parental rights ("TPR") bench trial. *See* Ch. 2019-128, § 12, Laws of Fla. In response to this statutory change, the Florida Supreme Court amended Florida Rule of Juvenile Procedure 8.825(j)(1)(A) to state:

> If the court finds after all of the evidence has been presented that the elements and one of the grounds for termination of parental rights have been established by clear and convincing evidence, the court shall enter a written order terminating parental rights and proceed with dispositional alternatives as provided by law within 30 days after conclusion of the adjudicatory hearing.

Fla. R. Juv. P. 8.525(j)(1)(A) (2019) (language added by the amendment is underlined); *see also In re Amendments to Fla. Rules of Juvenile Procedure—2019 Fast-track Report*, 286 So. 3d 82, 94 (Fla. 2019).

3

The "adjudicatory hearing" referenced by this rule is the TPR hearing. *See* Fla. R. Juv. P. 8.525(a) (2019) ("The *adjudicatory hearing* shall be conducted by the judge without a jury using the rules of evidence for civil cases. *At this hearing the court shall determine whether the elements required by law for termination of parental rights have been established* by clear and convincing evidence.") (emphasis added).

In *K.G. v. Department of Children & Families*, 279 So. 3d 1228 (Fla. 4th DCA 2019), we noted that:

> [w]hile an excessive delay between a non-jury trial and the entry of an order of disposition may require reversal, a delayed ruling does not, standing alone, justify setting aside the final judgment. To reverse, there must be a combination of delay plus an indication that something is seriously amiss on the merits.

*Id.* at 1230 (internal citations and quotation marks omitted). Although *K.G.* was decided after the amendment to section 39.811, the opinion was issued before the effective date of the amended statute. We acknowledged this change, stating "the legislature has weighed in on an appropriate time within which to issue an order of disposition in a TPR case." *Id.* This new provision was in effect and applicable to the instant case.

Here, it is undisputed that the trial court did not issue its order terminating parental rights nor the order proceeding with dispositional alternatives within thirty days after the conclusion of the adjudicatory hearing. This raises a question as to the validity of the written order and what action, if any, an appellate court should take when the trial court's noncompliance with section 39.811(5) is presented on appeal.

"If a court is to wait so long to issue a final judgment in a termination of parental rights case, the court may well need to hold an additional hearing to determine what has transpired in the child's life before entering the ultimate order affecting the child's future." *A.D. v. Dep't of Children & Families*, 273 So. 3d 1016, 1020 (Fla. 4th DCA 2019). The amendment to section 39.811 validates the concern expressed in *A.D.* There is a mechanism, however, for requesting this "additional hearing": the timely filing of a motion for rehearing. As recently discussed by our sister court, "where an error by the [trial] court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal." *B.T. v. Dep't of Children & Families*, 300 So. 3d 1273, 1279 (Fla. 1st DCA 2020) (alteration in original) (quoting *Smith v. Smith*, 273 So. 3d

1168, 1171 (Fla. 1st DCA 2019). *B.T.* added that "[t]his rule exists for good reason. . . . It ensures 'that the trial court has an opportunity to correct an error at the earliest opportunity, when the court is still in a position to recall the basis of its ruling.'" *Id.* at 1280 (quoting *Eaton v. Eaton*, 293 So. 3d 567, 568 (Fla. 1st DCA 2020)).

Here, a motion for rehearing filed within ten days of the entry of the court's written order would have provided the Mother an opportunity to argue that "there exists new and material evidence, which, if introduced at the hearing would probably have changed the court's decision and could not, with reasonable diligence, have been discovered before and produced at the hearing." Fla. R. Juv. P. 8.265(a)(4) & (b)(1) (2019). In her initial brief, the Mother argued that the delay in entering the TPR order resulted in an order "based on stale information, not current circumstances." However, rather than merely making a broad statement in an appeal, she should have sought to present and "flesh out" these arguments in a motion for rehearing. As it stands, the Mother's requested relief (remand) runs counter to the emphasis on an expeditious process. *See, e.g.*, § 39.0136(1), Fla. Stat. (2019) ("The Legislature finds that time is of the essence for establishing permanency for a child in the dependency system."); *C.M. v. Dep't of Children & Family Servs.*, 854 So. 2d 777, 779 (Fla. 4th DCA 2003) ("[C]ourts are compelled to expedite proceedings to prevent children from languishing in the foster care system. . . . Achieving permanent stability in the child's life is the paramount concern of the judicial process.").

The Mother failed to ask the trial court to consider "changed circumstances" and reconsider its termination order. As the Mother's rule 8.525(j)(1)(A) challenge was not preserved, our review is limited to determining if the Mother's appeal establishes "fundamental error." *See, e.g.*, *Jackson v. State*, 983 So. 2d 562, 574 (Fla. 2008) ("[A]n unpreserved error may be considered on appeal only if the error is fundamental."); *Stalker v. State*, 223 So. 3d 282, 283 (Fla. 4th DCA 2017) ("[Defendant] is limited to arguing fundamental error because the alleged error he complains of was not preserved."). However, "[t]he doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application." *Smith v. State*, 521 So. 2d 106, 108 (Fla. 1988). The Mother presented no evidence in her appeal that this is such a "rare case." Her only explanation as to the "changed circumstances" is that she is no longer incarcerated and has attended judicial review hearings during the five-month period between the TPR hearing and the issuance of the final order. The latter claim is not supported by the record. We put aside the issue as to whether a trial court's noncompliance with section 39.811(5) can ever constitute "fundamental error," though noting, again, that the

rules of juvenile procedure already provide an opportunity to bring "changed circumstances" to the attention of the trial court. Thus, in the instant case, as in *C.M.*, we conclude that "[w]e do not deem the error in this case to be fundamental and capable of being raised by the mother for the first time on appeal." 854 So. 2d at 780 (emphasis omitted).

## Conclusion

Even though the final order of disposition was not issued in a timely manner, we find that the record does not support a remand for further proceedings. As such, we affirm the decision of the trial court terminating the Mother's parental rights.

*Affirmed.*

CIKLIN and KUNTZ, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***