DAVIS, Judge.
S & S Directional Boring and Cable Contractors, Inc. (“S & S”), challenges the trial court’s final order dismissing with prejudice its declaratory judgment action against American National Bank of Minnesota f/k/a Credit America Savings (“American National”) and DC Financial Services. We reverse.
S & S, a Florida corporation with its principal place of business in Hillsborough County, entered into an equipment lease agreement with Vermeer Southeast Sales & Service, Inc. The lease agreement lists S & S as the “customer” and Vermeer as the “supplier,” but because American National provided financing for the deal, it is listed as “owner.” At the completion of the lease term, S & S returned the equipment. It then received a letter from DC Financial, the company to which American National assigned its interests in the lease agreement, demanding $20,000 for damage to the leased equipment. In response *1047 to the demand, S & S filed an action against American National and DC Financial in the Thirteenth Judicial Circuit in Hillsborough County, seeking “a declaratory judgment of [its] rights, status, and other equitable and legal relations with the Defendants.”
American National and DC Financial (“Appellees”) moved to dismiss the action “for lack of personal jurisdiction,” pointing to the following provision of the lease agreement:
This agreement will be deemed fully executed and performed in our or as-signee’s principal place of business and will be governed by and construed in accordance with the state law. You expressly consent to jurisdiction of any state or federal court in that state our [sic] or our assignee’s principal place of business or any other court so chosen by us.[1]
In their motion to dismiss below, Appellees contended that because both of their principal places of business are in Minnesota, any action against them arising out of the lease agreement must be brought in Minnesota. The trial court agreed and granted the motion to dismiss without prejudice.
S & S then refiled its action, alleging in its second amended complaint that “the [lease assignment’s] forum selection clause does not designate Minnesota as the forum for jurisdiction” but rather that it gives Appellees the option of choosing a particular forum. Appellees again moved to dismiss, arguing that S & S had “failed to state facts sufficient to overcome or void the jurisdiction selection clause in the contract.” In granting the motion with prejudice, the trial court found “the forum selection clause contained in the contracts sued upon to be enforceable and to restrict venue of any suit to Minnesota.” We do not agree.
We first note that our review of this issue is de novo. See Am. Boxing & Athletic Ass’n v. Young, 911 So.2d 862, 864 (Fla. 2d DCA 2005) (“[A]n appellate court reviews the interpretation of a contractual forum selection provision as a matter of law.”).
“Florida courts recognize a distinction between mandatory jurisdiction clauses in contracts which require that a particular forum be the exclusive jurisdiction for litigation concerning the contract, and permissive jurisdiction clauses which only provide that there may be jurisdiction over such litigation in a particular forum.” Shoppes Ltd. P’ship v. Conn, 829 So.2d 356, 357-58 (Fla. 5th DCA 2002) (citing Granados Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So.2d 273, 274 (Fla.1987)). “[F]orum selection clauses which state or clearly indicate that any litigation must or shall be initiated in a specified forum are mandatory.” Id. at 358. However, clauses that merely “consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum” are permissive. Granados, 509 So.2d at 274-75. Accordingly, “the general rule is that [a forum selection] clause will be considered permissive where it lacks words of exclusivity.” Shoppes Ltd. P’ship, 829 So.2d at 358.
The forum selection clause at issue here does indeed lack words of exclusivity. Pursuant to the language of the lease agreement, S & S merely “consented] to [the] jurisdiction” of Minnesota. The clause is therefore permissive. See Am. Boxing, 911 So.2d at 865 (“A consent to jurisdiction is a hallmark of a permissive venue provision.”). As such, the trial court erred in determining that venue of S & S’s *1048 declaratory action is restricted to Minnesota and in dismissing the action with prejudice.
Reversed and remanded for further proceedings consistent with this opinion.
CANADY, J., and SULLIVAN, IRENE H., Associate Judge, Concur.

. The agreement specified that "[t]he words WE, US, and OUR refer to the Owner.”