NORTHCUTT, Chief Judge.
Transportation Casualty Insurance Company (TCI) sought a judgment declaring that it was not obligated to provide coverage after an accident involving a driver for its insured, Freeburg Enterprises, Inc. Following a bench trial, the court ruled in TCI’s favor. It determined that there was no coverage because Freeburg failed to have its employee approved by TCI before allowing him to drive. We reverse the judgment in part because Freeburg’s failure did not entirely deprive it of coverage under the policy.
Freeburg is an auto transport company. In mid-2003, it purchased a commercial lines policy from TCI. The policy included an endorsement[1] that amended the section on liability coverage. In pertinent part, its definition of “Who is an insured” provided that only drivers listed on the application schedule as of the date the policy began were covered. Further, under paragraph B, “[n]o coverage will apply to any driver newly placed in service after the policy begins until you report that driver to us and we advise you in writing that he/she is acceptable to us and that he/she is covered under the policy.” Thus, Freeburg was required to obtain TCI’s approval before adding a driver who had not been listed at the inception of the policy. However, paragraph D of the endorsement provided: “Not withstanding the foregoing, we will pay up to $10,000 in property damage and no fault benefits as required by Florida Law.”
Ryan Dalby had worked for Freeburg several times over the years, but he was *1106 not employed there when the policy was issued. He rejoined the company several months later. While driving for Freeburg, Dalby was involved in an accident.
TCI subsequently filed an action for declaratory relief, seeking a determination that there was no coverage for Dalby’s accident because Freeburg allegedly violated the policy’s requirement to obtain preapproval for him to drive. Freeburg filed a counterclaim for breach of contract. The evidence and argument at the bench trial focused for the most part on whether the insurance broker who sold the policy was the apparent agent for TCI and whether TCI was estopped from denying coverage because Freeburg allegedly called the broker to add Dalby as a driver. The court resolved both issues against Freeburg, and these rulings are not challenged on appeal. Rather, the issue before us is the proper interpretation of the endorsement’s paragraph D, quoted above.
When construing a contract of insurance, we must apply the plain language of the policy. Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161 (Fla.2003) (stating guiding principle to construe insurance contracts according to plain language of policy). Giving effect to the plain meaning of the phrase “notwithstanding the foregoing,” paragraph D can only be read as a waiver of the preceding provisions to the limited extent of the coverage described in the paragraph. Thus, even if Freeburg’s driver had not been preap-proved as required by paragraph B, paragraph D afforded coverage for up to $10,000 in property damage and no fault benefits “as required by Florida Law.”
TCI hangs its hat on this last phrase. It acknowledges that Florida law requires every policy containing personal injury protection (PIP) coverage to afford at least $10,000 in property damage coverage, per section 627.7275, Florida Statutes (2003), and that the Freeburg policy contained PIP coverage. Even so, TCI maintains that the $10,000 property damage coverage was not “required by Florida Law” in this case, owing to the last sentence of the statute: “The policy, as to coverage of property damage liability, shall meet the applicable requirements of s. 324.151, subject to the usual policy exclusions such as have been approved in policy forms by the office.” § 627.7275 (emphasis supplied). According to TCI, the requirement that Freeburg have its drivers preapproved was a “usual policy exclusion” that excused the policy from the statutory requirement. Thus, it contends, the $10,000 in property damage and no fault benefits referenced in paragraph D were not “required by Florida Law.”
TCI’s reliance on the statutory language is misguided. Even if we were to assume that the policy’s driver preappro-val provisions are “usual policy exclusions” as contemplated by the statute, attributing that meaning to the “required by Florida Law” phrase in paragraph D would render the entire provision ambiguous. In the course of one sentence, it would both waive the driver preapproval requirement for purposes of the coverage referenced therein and enforce the very same requirement in order to deny the very same coverage. Under established principles of construction, we must avoid an interpretation that deprives a contract provision of any purpose. See Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 941 (Fla.1979) (noting that “[ejvery provision in a contract should be given meaning and effect”). And the very ambiguity inherent in TCI’s interpretation of paragraph D means that we must construe it in favor of Freeburg. See Swire Pac. Holdings, 845 So.2d at 165 (stating that language susceptible to more than one mean *1107 ing is ambiguous and strictly construed against the drafter).
The more reasonable interpretation of paragraph D is that the driver preapproval requirement is disregarded for all purposes within the ambit of that provision and that the property damage and no fault benefits described therein are payable if they are otherwise required by law. Under the facts of this case, those benefits are payable because the policy includes PIP coverage. § 627.7275.
Finally, we reject TCI’s several arguments to the effect that Freeburg waived this issue. As the plaintiff seeking a declaration that its insurance policy afforded no coverage for the accident, TCI had the burden of proof. See City of Miami Beach v. New Floridian Hotel, Inc., 324 So.2d 715, 717 (Fla. 3d DCA 1976). TCI introduced a policy reflecting that there was $10,000 in coverage notwithstanding Freeburg’s failure to obtain preapproval of the driver. Simply put, TCI failed to demonstrate that there was no coverage when the evidence showed that there was limited coverage.
The trial court erred in finding no coverage. Accordingly, we reverse and remand for the trial court to enter an amended final judgment declaring that there was $10,000 in coverage for the accident at issue.
Reversed and remanded.
SILBERMAN, J. and CANADY, CHARLES T., Associate Judge, Concur.

. Amendatory Endorsement, Truckers Coverage Form (TCI TRK 010).