WARNER, J.
 

 A mother appeals a final judgment terminating her parental rights to her child. She raises two issues on appeal. First, she claims that the court erred in entering a consent to termination after she failed to appear at one hearing. Second, she maintains that the Department of Children and Families failed to present clear and convincing evidence of the statutory grounds for termination, nor did it prove that termination was in the manifest best interests of the child. Although the court should not have entered a consent, the court permitted the mother to pai’ticipate in the entire proceeding and specifically explained in its final judgment that it did not rely on the consent in making its determinations. As there was competent substantial evidence to support the court’s findings, we affirm.
 

 The DCF became involved with the mother and father at the birth of their first child, a son, who tested positive for cocaine. C.A., the daughter who is the subject of these termination proceedings, was both born and originally declared dependent in 1998. Over the past ten years
 
 *36
 
 the parents have required the periodic intervention of DCF in the form of dependency adjudications because of drugs and domestic violence. After the last removal of the children from the parents’ care in July of 2007, DCF filed a petition to terminate the parents’ rights to both children.
 

 During the required advisory hearing on the petition, the mother denied the allegations of the petition, and the court scheduled the adjudicatory hearing. The court expressly warned the mother that her failure to attend the adjudicatory hearing would constitute consent to the petition. The court did not conduct the adjudicatory hearing on the first ordered hearing date and thereafter continued it two additional times. The mother was present at each scheduled hearing date. During the first two hearings, the court admonished the mother to appear at the next scheduled hearing date or suffer a consent to the petition. However, at the last hearing the court continued the adjudicatory hearing but failed to advise the mother that she must personally appear at the reset date.
 

 The court finally began the trial of the petition, and the mother was not present. She sent word that she was attending matters regarding the recent death of her father. Because the mother failed to appear at the commencement of the hearing, the court entered a consent to the petition. The testimony did not conclude on the first day, and the hearing actually took an additional five hearing dates to complete. The mother never moved to vacate the consent, but the court permitted the mother to participate fully in the proceedings. In its final order of termination, the court noted that while the consent was still valid, as the mother had never requested the court to vacate it, DCF had presented clear and convincing evidence of the grounds for termination and had sustained its burden of proof independent of the consent. Based upon a thorough review of the evidence, the court terminated the mother’s rights to the child.
 

 The mother asserts that the court erred in holding that her absence at the commencement of the adjudicatory hearing constituted implied consent to the termination in light of the court’s failure to expressly warn her at the previous hearing of her required presence at the next scheduled hearing when the trial actually began. DCF concedes that the court did not admonish her to attend.
 

 Section 39.801(3)(d), Florida Statutes, provides:
 

 If a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of said hearing, then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights.
 

 We are quite certain that it was a mere oversight that the trial court failed to order the mother to appear on the hearing date at which the adjudicatory hearing actually commenced. Nevertheless, as the court did not order her to personally appear on that date, we conclude that the court should not have entered a consent to the petition.
 

 This error, however, does not require a reversal. Despite the entry of the consent, the mother fully participated in the proceedings. Her attorney cross-examined all of the witnesses and called witnesses on the mother’s behalf. In the final judgment, the trial court noted the consent, but it did not rely on it in reaching its conclusions. In fact, it specifically noted that DCF met its burden of proof even without reliance on the consent. Because
 
 *37
 
 the court did not rely on the consent and provided the mother with the full opportunity to participate in the proceedings, thus protecting her due process rights, we affirm.
 

 As to the mother’s claim that DCF failed to prove its case with clear and convincing evidence, we also affirm. The appellate court does not “conduct a
 
 de novo
 
 proceeding, reweigh the testimony and evidence given at the trial court, or substitute [its] judgment for that of the trier of fact.”
 
 In re Adoption of Baby E.A.W.,
 
 658 So.2d 961, 967 (Fla.1995). Instead, the courts “will uphold the trial court’s finding ‘[i]f, upon the pleadings and evidence before the trial court, there is any theory or principle of law which would support the trial court’s judgment in favor of terminating ... parental rights.’ ”
 
 Id.
 
 (quoting
 
 Kingstey v. Kingsley,
 
 623 So.2d 780, 787 (Fla. 5th DCA 1993)). We have reviewed the record and conclude that there is competent substantial evidence to support the trial court’s judgment.
 

 Affirmed.
 

 POLEN and HAZOURI, JJ., concur.