CRENSHAW, Judge.
W.L., the Father, appeals the final order terminating the parental rights to his son, J.L., who was almost seven years old at the time of the termination hearing.[1] We *868 reverse because the Department of Children and Families failed to present clear and convincing evidence to support the two grounds for termination listed in the trial court’s order.
We acknowledge that “parents have a fundamental liberty interest in the care, custody, and management of their children.” J.R. v. Dep’t of Children & Family Servs., 923 So.2d 1201, 1205 (Fla. 2d DCA 2006). Thus, to grant a petition for termination of parental rights, the trial court must find that the Department proved the allegations supporting termination by clear and convincing evidence. E.E.A. v. Dep’t of Children & Family Servs., 846 So.2d 1250, 1251 (Fla. 2d DCA 2003).
First, the trial court found the Father failed to substantially comply with the terms of his case plan under section 39.806(l)(e)(l), Florida Statutes (2007). Section 39.806(l)(e)(l) provides that a parent’s failure to complete a case plan within twelve months after an adjudication of the child as a dependent child is evidence of abandonment, abuse, or neglect. However", the evidence may be insufficient if “the failure to substantially comply with the case plan was due ... to the failure of the department to make reasonable efforts to reunify the parent and child.” § 39.806(l)(e)(l).
At the Father’s termination hearing, the Department’s initial case manager and the subsequent case manager both testified that they repeatedly provided the Father with referrals for programs he needed to take to complete the case plan. However, neither testified as to when, if ever, they met with the Father to review the conditions of the case plan. More importantly, neither witness could determine when the Father received a copy of the case plan. The Father was unsure whether he received it in February 2007 or sometime after he was released from jail in June 2007. Thus, there are conflicts in the record as to when the Father received the Department’s case plan and what he was told to do when he finally received it. We note the case plan, which the trial court accepted on February 22, 2007, failed to comply with statutory requirements under Chapter 39 because the case plan was not developed in a face-to-face conference with the Father, the line designated for the Father’s signature was left blank, and the Department failed to explain the circumstances concerning the Father’s nonparti-cipation and the efforts made to secure his participation. See §§ 39.6011(l)(a), ,6011(l)(c), .6011(3), .602(1), Fla. Stat. (2006). Further, once the Department became aware of the Father’s location, there is nothing in the record showing he was ever served with a copy of the case plan. See § 39.602(4)(a).
We are also troubled by the Department’s failure to assist the Father with completing the case plan while he was incarcerated.[2] Both case managers knew the Father was in jail while they were assigned to his case, but neither made a concerted effort to visit the Father to review the terms of the case plan. Moreover, neither case manager undertook any initiative to even speak with the Father outside of the requisite court hearings despite the Father’s calls, letters, and personal visit to the Department seeking clarification on his case plan referrals. The second case manager even admitted that she delayed sending information to the Father because she did not believe he *869 would receive the paperwork before his release, further frustrating his efforts to complete the case plan.
“Where a court is terminating parental rights based on a parent’s failure to comply with a case plan or a performance agreement, it is axiomatic that the parent must have the substantial ability to comply with the plan or agreement.” Hut-son v. State, 687 So.2d 924, 925 (Fla. 2d DCA 1997). The Department’s failure to assist the Father with the case plan while he was incarcerated, combined with its inability to establish when the Father received the case plan, does not demonstrate a reasonable effort by the Department to reunify the Father with his child. Rather, the Department’s actions impeded the Father’s ability to substantially comply with the case plan, and the evidence in the record cannot support the termination of his parental rights on this basis. See C.C. v. Dep’t of Children & Family Servs., 854 So.2d 720, 721 (Fla. 2d DCA 2003).
Next, the trial court found that termination was proper because the Father materially breached his case plan under section 39.806(l)(e)(2), citing the Fathex*’s incarceration as its main explanation for the material breach. Given the Department’s failure to take any meaningful steps to assist the Father in complying with his case plan, we find the Department did not establish by clear and convincing evidence that the Father materially breached his case plan. See T.H. v. Dep’t of Children & Family Servs., 979 So.2d 1075, 1084 (Fla. 2d DCA 2008).
The trial court then determined that the termination of the Father’s parental rights was in the son’s manifest best interest under section 39.810 because the evidence showed the Father failed to demonstrate the capacity to care for the son and the son had a suitable and lengthy living arrangement with a maternal aunt who wished to pursue adoption. Yet the trial court ignored evidence that the Father adequately cared for the son from August 2005 to January 2007, when the Father had sole custody of the son. See § 39.810(3), (4). The trial court also ignored the strong emotional bond that developed between the Father and the son, instead noting that the Father did not appear to have any contact with his son since his removal in early 2007. § 39.810(5). However, the record established the Father’s efforts to communicate with the son after the son was relocated to his aunt’s home in Massachusetts in March 2007 were repeatedly thwarted by the aunt. The second case manager conceded that the Department was aware the aunt refused to provide the Father with her phone number, but would not intervene. The Massachusetts courtesy worker, the Department’s equivalent from the Massachusetts Department of Social Sex-vices, also x-efused to supervise any phone calls between the Father and the son. See, e.g., J.T. v. Dep’t of Children & Family Servs., 819 So.2d 270, 272 (Fla. 2d DCA 2002). Thus, the trial court’s failure to consider these factox-s in its manifest best interest analysis was error.
Finally, the trial court found that the tei-minatioB of the Father’s parental rights was the least l-estrictive means of protecting the son because the Father did not substantially comply with the terms of the case plan. The least x-estrictive means test requires the trial coui’t to examine measures shoi’t of termination and explore the possible safe reestablishment of the parent-child bond. M.H. v. Dep’t of Children & Families, 866 So.2d 220, 223 (Fla. 1st DCA 2004). The trial court failed to make any such analysis in its decision, and its l'eliaxxce on the Father’s failui-e to substantially comply with the case plan was *870 error due to the Department’s inaction. Further, to establish least restrictive means, the Department must show that it “has made a good faith effort to rehabilitate the parent and reunite the family.” Padgett v. Dep’t of Health & Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991); T.L. v. Dep’t of Children & Family Servs., 990 So.2d 1267, 1273 (Fla. 2d DCA 2008). For reasons stated above, we do not believe that the Department has demonstrated by clear and convincing evidence that it made a good faith effort to either rehabilitate the Father or reunite him with his son. Accordingly, we reverse the final judgment terminating the Father’s parental rights to his son and remand for further proceedings.
LaROSE, J., Concurs.
ALTENBERND, J., Concurs with opinion.

. R.B., the Mother, was also a party to the Department's petition for termination. However, she did not contest the matter and was found to have consented to the termination of her parental rights during the trial court's proceedings in this case. The Mother is not a party in this appeal.

. The Father was incarcerated from March 2007 to June 2007 and November 2007 to May 2008.