CONFESSION OF ERROR

SHEPHERD, J.
The mother, B.S., appeals from a trial court order terminating her parental rights by “consent,” pursuant to section 39.801 (3)(d) of the Florida Statutes (2010). The statute reads as follows: .
If the person served with notice under this section fails to personally appear at the advisory hearing, the failure to personally appear shall constitute consent for termination of parental rights by the person given notice. If a parent appears for the advisory hearing and the court orders that parent to personally appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of said hearing, then failure of that parent to personally appear at the adjudicatory hearing shall constitute consent for termination of parental rights.
§ 39.801(3)(d), Fla. Stat. (2010) (emphasis added).
At an advisory hearing held on October 18, 2010, the trial court advised B.S. a hearing for the petition for termination of parental rights was set for November 22, 2010. However, the court did not advise B.S. that if she failed to personally appear at the November 22nd hearing, her failure to appear would constitute consent to the termination of parental rights. On the hearing date, B.S. appeared by telephone from Fort Lauderdale. The Department of Children and Family Services moved for a constructive consent for B.S.’s failure to personally appear at the hearing. The trial court granted the petition for termination of parental rights, finding B.S. failed to obey the court’s October 18th order, thereby statutorily consenting to the termination.
Upon proper confession of error by the Department of Children and Family Services, we find the trial court reversibly erred by failing to provide the statutorily required warning to the mother. See § 39.801(3)(d), Fla. Stat.; J.M. v. Dep’t of Children & Families, 9 So.3d 34, 36 (Fla. 4th DCA 2009) (finding the trial court should not have entered a consent to the petition when the trial court' failed to expressly warn the mother of her required presence at the previous hearing). Accordingly, the termination of parental rights order must be reversed for a new adjudicatory hearing.
Reversed and remanded for proceedings in compliance herewith.