THOMAS, J.
 

 Appellant, father of A.P., appeals the trial court’s termination of his parental rights and raises two issues: 1) the trial court erred in admitting child hearsay evidence based on a failure to properly comply with section 90.803(23), Florida Statutes; and 2) the trial court erred in terminating his parental rights pursuant to section 39.806(l)(d)2, Florida Statutes, based on the court’s determination that he is a sexual predator. We affirm as to the first issue without further comment. We reverse as to the second issue, because Appellant had not been designated a sexual predator by the sentencing court in a criminal proceeding before the commencement of termination proceedings. Thus, the dependency court lacked the authority to assign this designation. Although we remand for an amended judgment, we affirm the trial court’s judgment terminating Appellant’s parental rights on the alternative basis that Appellant abused A.P.
 

 Factual Background
 

 A.P., who was five years old at the time of the termination of parental rights (TPR) hearing, lived in Oregon with her mother and Appellant, the child’s biological father. In June 2010, A.P. and her mother moved to Florida to live with A.P.’s maternal grandmother. AP.’s mother died one month later, and the Department of Children and Families (DCF) intervened. Upon investigating the matter, DCF learned Appellant was incarcerated in Ore
 
 *875
 
 gon on a drug-related charge. DCF also learned that Appellant was convicted in Oregon in 2006 of one count each of attempted unlawful sexual penetration and attempted sexual abuse. Both crimes involved an unrelated minor. No court in Oregon designated Appellant as a sexual predator, although such a designation was available under Oregon law.
 

 During an initial interview with a DCF investigator, A.P. disclosed that Appellant abused her. After completing its investigation, DCF filed an expedited petition to terminate Appellant’s parental rights on several grounds: Appellant’s incarceration; his prior convictions for sex-related crimes in Oregon; the 10-year probationary requirement to avoid contact with any minors under the age of 18 without approval of the court or his probation officer connected to the Oregon convictions; and his abuse of A.P. based on her statement to the DCF investigator.
 

 During the TPR hearing, DCF claimed that Appellant’s parental rights should also be terminated because Appellant qualified as a sexual predator under Oregon law, based on his Oregon sex crime related convictions.
 

 In its final judgment, the trial court found that Appellant was a sexual predator within the meaning and intent of section 39.806(l(d)(2), Florida Statutes, based on Appellant’s abuse of the child and his Oregon sex-related crime convictions. We agree with Appellant that this was error. Although Appellant was incarcerated at the time of the TPR hearing, he had not previously been designated as a sexual predator by a court in a criminal sentencing proceeding, and under Chapter 89, Florida Statutes, the trial court lacked the authority to designate Appellant as a sexual predator while considering a parental termination matter. We note that although DCF urged the trial court to find Appellant is a sexual predator and terminate his parental rights on that ground, it now properly concedes that the trial court’s judgment on this issue was error.
 

 Analysis
 

 One of the statutory bases the trial court cited for terminating Appellant’s parental rights was section 39.806(l)(d)2, Florida Statutes. Pursuant to this statute, terminating parental rights is authorized when “the parent of a child is incarcerated in a state or federal correctional institution” and “[t]he incarcerated parent has been determined by the court to be ... a sexual predator as defined in s. 775.21.” This statute is also known as the “Florida Sexual Predators Act,” which is part of the Florida Criminal Code, and provides certain ramifications if a person is designated a sexual predator.
 

 Two phrases in section 39.806(l)(d)2. are of particular importance here: “has been determined” and “by the court.” The first phrase raises the question of when that determination was made; the second phrase raises the issue regarding which court makes that determination.
 

 As noted by the Florida Supreme Court in
 
 State v. Robinson,
 
 873 So.2d 1205, 1213 (Fla.2004), “[t]he Act provides for a hearing before an individual is designated a sexual predator,” and section 775.21(5) requires that the designation be made at a
 
 sentencing
 
 hearing. Sentencing, of course, occurs in the context of criminal cases, whereas “dependency proceedings are civil in nature.”
 
 S.B. v. Dep’t of Children & Families,
 
 851 So.2d 689, 691 (Fla.2003). In our judgment, therefore, the answer to the two questions can be summarized as follows: the determination of an incarcerated parent’s sexual predator status for purposes of section 39.806(l)(d)2. must have been made before a TPR action is filed, and this designation must have been assigned by a sentencing
 
 *876
 
 court proceeding under the Florida Criminal Code.
 
 [1]
 
 We are not alone in this assessment.
 

 The Fourth District was confronted with a similar case in
 
 W.W. v. Department of Children & Families,
 
 811 So.2d 791 (Fla. 4th DCA 2002). There, as here, “[t]he trial court ... concluded that appellant’s parental rights could be terminated, under section 39.806(l)(d)2” because the court found the appellant was a sexual predator.
 
 Id.
 
 at 792. The Fourth District explained that the trial court based its determination on the provisions in Florida Statutes section 775.21(4)(a)l.b.
 
 Id.
 
 DCF conceded that this section was “not applicable because it requires prior convictions which do not exist in this case.”
 
 Id.
 
 The court rejected, however, DCF’s argument that the appellant met “the definition of a sexual predator found in section 775.21(4)(a)l.a.,” and held that statute did not apply “because it requires a current conviction of a capital, life or first degree felony. Appellant’s conviction was of a felony of a lesser degree.”
 
 Id.
 

 The court continued:
 

 A more basic problem with DCF’s assertion that appellant is a sexual predator is that section 39.806(l)(d)2, Florida Statutes (2001), on which DCF relies, provides that parental rights may be terminated when “[t]he incarcerated parent has been determined by the court to be ... a sexual predator as defined in s. 775.21.” The term “sexual predator” as defined in section 775.21 is a legal classification which results from written findings
 
 made by the sentencing court in the criminal case.
 
 § 775.21(5), Fla. Stat. (2001).
 
 In the present case, appellant was not designated a sexual predator by the criminal court
 
 nor were any of the other procedures set forth in section 775.21 followed.
 

 Id.
 
 at 792-93 (emphasis added).
 

 The same scenario exists here. Similarly, we hold that the trial court erred by terminating Appellant’s parental rights pursuant to the sexual predator provision in section 39.806(l)(d)2, because he had not been designated a sexual predator by the Oregon state court that sentenced him for his prior sex-related crimes.
 

 We also hold that a court presiding over a case arising out of Chapter 39 lacks the authority to designate a parent as a sexual predator, or to terminate parental rights based on such an invalid determination. In so holding, we find persuasive Judge Farmer’s special concurring opinion in
 
 WjW.,
 
 in which he observed:
 

 [One] thing to consider about the [section 39.806](l)(d)2 text lies in the term, “the court.” Under the definition in section 39.01(18) “the court,” unless otherwise expressly stated, refers to the court exercising power in a chapter 39 proceeding. Yet there is no provision in the Criminal Code or in chapter 39 for a court hearing a TPR case arising under chapter 39 to make a sexual predator designation-except in subsection (l)(d)2. But under subsection (l)(d)2, as we have already seen, the sexual predator designation must have been already made by “the court” before a TPR case is even filed. If the determination must have been already made by a court before the TPR case is filed, this is obviously an instance where the Legislature has “otherwise expressly stated” that a court other than the chapter 39 court should do something. Hence it cannot possibly
 
 *877
 
 be the TPR court that is to make the sexual predator designation.
 

 811 So.2d at 795.
 

 Because the trial court’s judgment included other legally sufficient grounds for terminating Appellant’s parental rights, however, we need not reverse as to the trial court’s alternative basis for terminating Appellant’s parental rights.
 

 Conclusion
 

 For the foregoing reasons, we reverse the trial court’s judgment and remand with instructions that the trial court render an amended judgment consistent with this opinion.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 PADOYANO and LEWIS, JJ., concur.
 

 [1]
 

 . This should not be read as precluding DCF from amending a TPR petition if the appropriate court makes such a determination before the TPR hearing.