71 So.3d 924 (2011)
In the Interest of G.M., JR., a child.
G.M., Appellant,
v.
Department of Children and Family Services and Guardian Ad Litem Program, Appellees.
No. 2D11-1511.
District Court of Appeal of Florida, Second District.
October 12, 2011.
*925 Patrick R. Cunningham, Bradenton, for Appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly G. Gore, Assistant Attorney General, Tampa, for Appellee Department of Children & Family Services.
Laura E. Lawson, Tavares, for Appellee Guardian ad Litem Program.
LaROSE, Judge.
G.M. appeals the order terminating his parental rights to his son, G.M., Jr. We have jurisdiction. See Fla. R.App. P. 9.146. The trial court found that G.M. failed to complete his case plan tasks and abandoned the child. The Department of Children and Family Services and the Guardian ad Litem Program properly concede *926 that termination was error. We reverse.
"[P]arents have a fundamental liberty interest in the care, custody, and management of their children." J.R. v. Dep't of Children & Family Servs., 923 So.2d 1201, 1205 (Fla. 2d DCA 2006) (citing Santosky v. Kramer, 455 U.S. 745, 754, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982)). To grant a petition for termination of parental rights, the trial court must find that the Department proved the allegations supporting termination by clear and convincing evidence. E.E.A. v. Dep't of Children & Family Servs., 846 So.2d 1250, 1251 (Fla. 2d DCA 2003). We review the trial court's order to determine whether it is clearly erroneous or lacking in evidentiary support. See R.C. v. Dep't of Children & Family Servs., 33 So.3d 710, 714 (Fla. 2d DCA 2010). In this case, the evidence does not support the trial court's ruling.

Failure to Comply with Case Plan
"Where a court is terminating parental rights based on a parent's failure to comply with a case plan or a performance agreement, it is axiomatic that the parent must have the substantial ability to comply with the plan or agreement." Hutson v. State, 687 So.2d 924, 925 (Fla. 2d DCA 1997). G.M. argues that termination is inappropriate where "the failure to substantially comply with the case plan was due . . . to the failure of the department to make reasonable efforts to reunify the parent and child." See § 39.806(1)(e)(1), Fla. Stat. (2010). G.M. is incarcerated and scheduled for release in early 2012.
In W.L. v. Dep't of Children & Family Servs., 15 So.3d 866, 868 (Fla. 2d DCA 2009), the trial court terminated the father's parental rights under section 39.806(1)(e)(1), Florida Statutes (2007), finding that the father failed to comply with the terms of his case plan. Nothing in the record showed the father was ever served with a copy of his case plan. W.L., 15 So.3d at 868. The line designated for the father's signature was left blank, and the Department failed to explain the circumstances concerning the father's nonparticipation and the efforts made to secure his participation. Id. Additionally in W.L., the Department failed to assist the father with completing the case plan while he was incarcerated. Id. The case managers made no concerted effort to visit the father to review the terms of the case plan and admitted that they delayed sending information to him because they believed that he would not receive the paperwork before his release. Id. The Department ignored the father's calls, letters, and visits to inquire about his case plan. Id. We reversed, holding that the Department failed to demonstrate a reasonable effort to reunify the father with his child. Id. at 869; see also C.C. v. Dep't of Children & Family Servs., 854 So.2d 720, 721 (Fla. 2d DCA 2003).
Similarly, G.M. is incarcerated and has been throughout the duration of the case. The Department failed to communicate G.M.'s case plan to him. The seven case managers assigned to his case made no attempt to confer with him, nor did they send him a copy of his case plan. The line designating G.M.'s signature on the plan was blank. The Department ignored G.M.'s written requests for assistance. Despite the Department's failure to assist him, G.M. took steps to improve himself. He sought transfer to another facility in order to participate in a parenting class and other programs. It is clear that G.M. did not have the ability to comply with his case because of his incarceration and the Department's failure to assist him.

Abandonment
The trial court also determined that G.M. abandoned the child because he *927 failed to support and communicate with the child. See § 39.806(1)(b). Section 39.806(1)(e)(1) provides that a parent's failure to complete a case plan within nine months after an adjudication of the child as dependent is evidence of abandonment, abuse, or neglect. Section 39.01(1) provides that "[t]he incarceration of a parent. . . may support a finding of abandonment." Incarceration, however, does not constitute abandonment as a matter of law. Rather, it is a factor for consideration. T.H. v. Dep't of Children & Family Servs., 979 So.2d 1075, 1080 (Fla. 2d DCA 2008). "[T]he parent's efforts, or lack thereof, to assume parental duties while incarcerated must be considered in light of the limited opportunities to assume those duties while in prison." Id. at 1080 (citing Wirsing v. Dep't of Health & Rehabilitative Servs., 498 So.2d 946, 948 (Fla.1986)). The record supports G.M.'s argument that he communicated with his child as he best could while incarcerated.
J.R. v. Department of Children and Family Services, 9 So.3d 707 (Fla. 2d DCA 2009), addressed similar facts. The father was incarcerated. Id. at 708. During his incarceration, the father wrote letters to the child. Id. He communicated with his child as soon as he was informed of dependency proceedings. Id. Unfortunately, he was not given a case plan and never had the opportunity to show that he intended to assume parental responsibilities. Id. We reversed and held that the father did not abandon his child. Id.
Here, G.M. wrote to the mother and foster caregiver inquiring about the child's welfare. He sent photographs of himself for the child. G.M. inquired through the Department as to his son's progress and status but received no response. When the Department did send three letters to G.M. in reference to the mother's case plan tasks, G.M. responded to the letters, included pictures of himself, and sought clarification. He transferred to a facility where he completed a parenting class. G.M. established a communication link with the child. As in J.R., 9 So.3d at 709, termination of his parental rights was improper. Although we reverse, we note that the child remains dependent. We remand to the trial court for further proceedings.
Reversed and remanded.
CRENSHAW and BLACK, JJ., Concur.