CRENSHAW, Judge.
Charles H. Palmer was an employee of Agile Assurance Group, Limited. The parties’ employment agreement states that an action arising from the employment agreement “may be instituted exclusively in the courts of Makati City” in the Philippines. Subsequent to his termination at Agile Assurance, Palmer sued the company in Hillsborough County, Florida. Agile Assurance moved to dismiss for improper venue, arguing that the case had to be brought in Makati City. The court denied the motion, ruling that the forum selection clause was permissive, rather than mandatory. The court, in part, relied on the rule of construction against the drafter. Be *1018 cause the court erred in concluding the forum selection clause is permissive, we reverse.
Our review of a contractual forum selection clause is de novo. TECO Barge Line, Inc. v. Hagan, 15 So.3d 868, 865 (Fla. 2d DCA 2009) (citing Am. Boxing & Athletic Ass’n v. Young, 911 So.2d 862 (Fla. 2d DCA 2005)). The problem in this ease is that the relevant language contains both permissive and mandatory language in its use of the phrase “may be instituted exclusively.”[1] We must endeavor to give every term meaning and effect. Freeburg Enters., Inc. v. Transp. Cas. Ins. Co., 993 So.2d 1104, 1106 (Fla. 2d DCA 2008) (citing Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 941 (Fla.1979)).
Generally, use of the word may deems relevant language permissive. Leghorn v. Wieland, 289 So.2d 745, 747 (Fla. 2d DCA 1974). On the other hand, “ ‘[f]o-rum selection clauses which state or clearly indicate that any litigation must or shall be initiated in a specified forum are mandatory.’” S & S Directional Boring & Cable Contractors, Inc. v. Am. Nat’l Bank of Minn., 961 So.2d 1046, 1047 (Fla. 2d DCA 2007) (quoting Shoppes Ltd. P’ship v. Conn, 829 So.2d 356, 358 (Fla. 5th DCA 2002)).[2] Turning to language more similar to that in this case, the Fifth District has held that the term “the exclusive jurisdiction” “ ‘contains words of exclusivity[ ] and that [such a] clause is mandatory, not permissive.’ ”• Travel Express Inv. Inc. v. AT & T Corp., 14 So.3d 1224, 1227 (Fla. 5th DCA 2009) (quoting Weisser v. PNC Bank, N.A., 967 So.2d 327, 331-32 (Fla. 3d DCA 2007)). In this case, we must choose to either read may as the mandatory shall and effectuate the word exclusively or read the term exclusively at the expense of may. The former gives meaning to both words, because while may is usually permissive, it is not always read so. Black’s Law Dictionary 1068 (9th ed. 2009) (defining may as “is required to; shall; must.... In dozens of cases, courts have held may to be synonymous with shall or must, usu. in an effort to effectuate legislative intent.”); see also Celistics, LLC v. Gonzalez, 22 So.3d 824, 826 (Fla. 3d DCA 2009). Thus, reading the language to be mandatory gives effect to both terms.
On the other hand, reading the phrase to be permissive does not give meaning to all the terms in the same way. If we read the term permissively, exclusively has lost its meaning for it means, as relevant here, only “sole.” The Merrianu-Webster Dictionary 249 (new ed., 2004); Merriam-Webster Online Exclusively, http://www. merriam-webster.com/dictionary/ exclusively (last visited Apr. 23, 2014). Although other meanings may be conceived for the term we review, those others are less plain. Thus, we are compelled to interpret the phrase to be exclusive which renders the forum-selection clause mandatory rather than permissive.
We also note that the court erred in applying the well-settled rule of construction requiring that ambiguities in contracts must be construed against the drafter in this case. See Young, 911 So.2d at 866 (citing Sauder v. Rayman, 800 So.2d 355, 358-59 (Fla. 4th DCA 2001)). The *1019 plain language of the contract in this case, in section 12(a), repudiates resort to the canon of construction against the drafter;[3] therefore resort to the canon is inappropriate. See TECO Barge Line, 15 So.3d at 865 (“[W]e begin with the principles that ‘[t]he polestar guiding the court in the construction of a written contract is the intent of the parties[ ]’ ” and where “ ‘the language used is clear and unambiguous the parties’ intent must be garnered from that language (quoting Bombardier Capital, Inc. v. Progressive Mktg. Grp., Inc., 801 So.2d 131, 134 (Fla. 4th DCA 2001) (second alteration in original))). Thus, the court erred in applying this principle to the terms of this contract, where the contract itself precluded such reliance.
Accordingly, we reverse the order denying the motion to dismiss for improper venue.
Reversed.
SILBERMAN and MORRIS, JJ., Concur.

. The relevant provision reads in pertinent part,
Any legal suit, action, claim, proceeding[,] or investigation arising out of or relating to this Agreement may be instituted exclusively in the courts of Makati City and Employee waives any objections which he may now or hereafter have to such venue of any such suit ... and irrevocably submits to the personal and subject matter jurisdiction of any such court.

. The caselaw has primarily focused on language such as "shall" or "must” rather than the term "exclusively.”

. The language of the contract, in pertinent part, states: "(a) Controlling Law. ... This Agreement shall be interpreted without the aid of any canon, custom[,] or rule of law requiring construction against the draftsman.”